NORTHWESTERN S. S. CO. v. MARSH & BINGHAM CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2728.

SALES ☞52(5)—EVIDENCE SHOWING NO CONTRACT TO FURNISH OAK LUMBER.
    Findings of the trial court with respect to the terms of a contract to furnish lumber for repair of a vessel *held* supported by the evidence.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit in admiralty by the Marsh & Bingham Company against the Northwestern Steamship Company. Decree for libelant, and respondent appeals. Affirmed.

Don C. Wray, of Chicago, Ill., for appellant.
Ben M. Smith, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. The question presented on this appeal is one of fact. Did appellee agree with the owner of the steamer Rufus B. Rainey to furnish oak lumber, as well as fir, for purposes of rebuilding and repair. That it agreed to promptly deliver the fir is conceded. That it furnished this lumber to the amount claimed in its libel is also admitted. Such conflict in the testimony as exists relates to appellant's cross-libel, which is based upon appellee's alleged breach of contract to furnish the oak lumber.

Appellee's representative denies making any agreement for the sale and delivery of the oak timbers, but stated that he agreed to make inquiries of various sawmills to ascertain whether the order for such lumber could be filled, and submit replies, if favorable; that this was done, but because of delays occasioned by appellant's predecessor in title the order subsequently given was not accepted. Appellant's representative testified that appellee agreed to furnish both the fir and the oak, the former at once and the latter in about two weeks.

The District Judge, who saw and heard the witnesses, found in favor of appellee. We have read the testimony, which consists of the statements of the two witnesses, as well as a large number of letters and telegrams that followed the conversation on the 19th of April, 1916, and fully agree with the conclusion thus reached. The letters and telegrams, which were sent at a time when no litigation was contemplated, confirm the story told by appellee's sales manager. To set forth herein the numerous communications upon which this conclusion is based would serve no useful purpose, while, on the other hand, it would unjustifiably extend the opinion.

The decree is affirmed.